# Supreme Court of Florida

---

No. SC2025-1458

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE.**

March 19, 2026

PER CURIAM.

The Florida Bar's Appellate Court Rules Committee filed a report proposing amendments to Florida Rules of Appellate Procedure 9.020 (Definitions), 9.045 (Form of Documents), 9.200 (The Record), and 9.420 (Filing; Service of Copies; Computation of Time).[1] Both the Committee and the Court published the proposal for comment; no comments were received.

We adopt the amendments to the rules as proposed. The amendments address various changes that were made to the Florida Rules of General Practice and Judicial Administration

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

adopted in *In re Amendments to Florida Rules of General Practice & Judicial Administration*, 416 So. 3d 242 (Fla. 2025).  We discuss the more significant rule amendments below.

First, we delete subdivision (*l*) (E-filing System Docket) of rule 9.020 to remove a definition that became outdated with the recent adoption of Rule of General Practice and Judicial Administration 2.511 (Florida Courts E-Filing Portal).  *See id.* at 243.

Next, under rule 9.045, we amend subdivision (a) to remove an outdated cross-reference to Rule of General Practice and Judicial Administration 2.520(a), and we amend subdivision (c) to require that documents filed in paper form be held together by removable paper clips, consistent with the recent amendments to rule 2.520 (Documents).  *See id.* at 263.

Rule 9.200(d)(5) is amended to remove an outdated reference to the electronic e-filing system docket and an outdated reference to download the electronic record based on the adoption of rule 2.511.

Lastly, we make several changes to rule 9.420.  In subdivision (a)(1), we add a cross-reference to the exception for inmate filing in subdivision (a)(2), providing "except as provided in subdivision (a)(2) of this rule."  In addition, in subdivision (a)(2), the word

"unrepresented" is substituted for the term "pro se" for consistency with recent changes to the Rules of General Practice and Judicial Administration. Next, a new subdivision (b) (Service of Filed Documents) is added to provide that the filer of a document must serve the document as provided by the rule unless a statute, rule, or administrative order of this Court provides otherwise. Newly relettered subdivision (c) is retitled from "Service" to "Service; How Made," and the provision is amended to remove the distinction between service by a party or amicus curiae and by the clerk of the court, with reference to Rule of General Practice and Judicial Administration 2.516 (Service), and instead incorporating the content from former subdivision (c) (Method of Service). Finally, subdivision (d) is retitled from "Proof of Service" to "Certificate of Service" and updates the certificate of service samples to conform to the recent changes made to rule 2.516(f).

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken. The amendments shall become effective on July 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Dwayne Antonio Robinson, Chair, Appellate Court Rules Committee, Miami, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

# APPENDIX

**RULE 9.020.    DEFINITIONS**

The following terms have the meanings shown as used in these rules:

**(a)-(k**)      [No Change]

~~**(*l*)    E-filing System Docket.** The docket where attorneys and those parties who are registered users of the court's electronic filing (e-filing) system can view the electronic documents filed in their case(s).~~

**Committee Notes**

[No Change]

**RULE 9.045.    FORM OF DOCUMENTS**

**(a)    Generally.** All documents~~, as defined in Florida Rule of General Practice and Judicial Administration 2.520(a),~~ filed with the court ~~shall~~must comply with Florida Rule of General Practice and Judicial Administration 2.520 and with this rule. If filed in electronic format, parties ~~shall~~must file only the electronic version.

**(b)    Line Spacing, Type Size, and Typeface.** The text in documents ~~shall~~must be black and in distinct type, double-spaced. Text in script or type made in imitation of handwriting ~~shall~~is not ~~be~~ permitted. Footnotes and quotations may be single-spaced and ~~shall~~must be in the same size type, with the same spacing between characters, as the text in the body of the document. Headings and subheadings ~~shall~~must be at least as large as the document's text and may be single-spaced. Computer-generated documents ~~shall~~must be filed in either Arial 14-point font or Bookman Old Style 14-point font.

**(c)** **Binding.** Documents filed in paper format should be held together by removable paper clips and ~~shall~~must not be stapled or bound.

**(d)** [No Change]

**(e)** **Certificate of Compliance.** Computer-generated documents subject to word count limits ~~shall~~must contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the document complies with the applicable font and word count limit requirements. The certificate ~~shall~~must be contained in the document immediately following the certificate of service. The word count ~~shall~~ exclude~~s~~ words in a caption, cover page, table of contents, table of citations, certificate of compliance, certificate of service, or signature block. The word count ~~shall~~ include~~s~~ all other words, including words used in headings, footnotes, and quotations. The person preparing the certificate may rely on the word count of the word-processing system used to prepare the document.

## RULE 9.200.    THE RECORD

**(a) Contents.**

(1)-(2)    [No Change]

(3)    The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties must advise the clerk of the lower tribunal of their intention to rely on a stipulated statement ~~in lieu~~instead of the record as early in advance of filing as possible. The stipulated statement must be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.

**(b)-(c)**    [No Change]

**(d)** **Preparation and Transmission of Electronic Record.**

(1)-(4)     [No Change]

(5)     The court must upload the electronic record to the electronic ~~filing (e-filing) system~~ docket. ~~Attorneys and those parties who are registered users of the court's e-filing system may download the electronic record in their case(s).~~

**(e)-(f)**     [No Change]

### Committee Notes

[No Change]

**RULE 9.420.     FILING; SERVICE OF COPIES; COMPUTATION OF TIME**

**(a)     Filing.**

(1)     *Generally.* Filing ~~may~~<u>must</u> be accomplished in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.525<u>, except as provided in subdivision (a)(2) of this rule</u>.

(2)     *Inmate Filing.* The filing date of a document filed by a<u>n</u> ~~pro se~~<u>unrepresented</u> inmate confined in an institution will be presumed to be the date it is stamped for filing by the clerk of the court, except as follows:

(A)-(B)     [No Change]

<u>**(b)     Service of Filed Documents.** The filer of a document must serve it as provided by this rule, unless:</u>

<u>(1)     a statute, rule, or administrative court order of the Florida Supreme Court provides for a different method of service, and the document is served under that method; or</u>

- 7 -

(2)    a statute, rule, or court order requires or permits the document to be filed without being served.

**(b)(c)Service; How Made.**

(1)    *By a Party or Amicus Curiae.* All documents must be filed either before service or immediately thereafter. A copy of all documents filed under these rules must, before filing or immediately thereafter, be served on each of the parties. The lower tribunal, before the record is transmitted, or the court, on motion, may limit the number of copies to be served.

(2)    *By the Clerk of the Court.* A copy of all orders and decisions must be transmitted, in the manner set forth for service in rule 9.420(c), by the clerk of the court to all parties at the time of entry of the order or decision, without first requiring payment of any costs for the copies of those orders and decisions. Before the court's entry of an order or decision, the court may require that the parties furnish the court with stamped, addressed envelopes for transmission of the order or decision.

**(c)    Method of Service.** Service of every document filed in a proceeding governed by these rules (including any briefs, motions, notices, responses, petitions, and appendices) must be made in conformity with the requirements of as required by Florida Rule of General Practice and Judicial Administration 2.516(b). Service of any document required to be served but not filed contemporaneously must be made in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.516, unless a court orders, a statute specifies, or a supreme court administrative order specifies a different means of service.

**(d)    Proof of ServiceCertificate of Service.** A certificate of service by an attorney that complies in substance with the requirements of Florida Rule of General Practice and Judicial Administration 2.516(f) and a certificate of service by a pro se party that complies in substance with the appropriate form below will be taken asestablishes prima facie proof of service in compliance with these rules. The certificate must specify the party each attorney

~~represents.~~ With respect to an unrepresented party, the following sample certificates comply with this rule:

(1) *By ~~Pro Se~~Unrepresented Inmate:*

I certify that on .....(date)..... I placed this document in the hands of .....(here insert name of institution official)..... for mailing to .....(here insert name(s) ~~or names~~ and service address(es)~~ used for service).....~~ ~~on .....(date).....~~

|  |
| --- |
| .....(name)..... <br> .....(address)..... <br> .....(prison identification number)..... |

(2) *By Other ~~Pro Se Litigants~~Unrepresented Parties:*

I certify that ~~a copy hereof~~ on .....(date)..... this document has been furnished to .....(here insert name(s)~~ or names~~ and service address(es)~~ used for service~~)..... by (here insert method of service such as portal, .....(e-mail)~~,~~ ~~(delivery)~~, or ~~(mail).....~~ ~~on .....(date).....~~

|  |
| --- |
| .....(name)..... <br> .....(address)..... <br> .....(phone number)..... |

**(e)** [No Change]

## Committee Notes

[No Change]

## Court Commentary

[No Change]